# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **JORGE ANGEL BELLO LAO,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No.  3:26-CV-00293-LS |
| | § | |
| **EL PASO PROCESSING CENTER,** | § | |
| | § | |
| *Respondent*. | § | |

## ORDER DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND IMMEDIATE RELEASE

*Pro se* Petitioner Jorge Angel Bello Lao moves for a temporary restraining order and immediate release from Immigration and Customs Enforcement custody. The Court has discretion to grant or deny a preliminary injunction based on four elements[1]:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[2]

However, "[t]he purpose of a preliminary injunction [or temporary restraining order] is not to give the plaintiff the ultimate relief it seeks."[3] Instead, it "is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits."[4]

Petitioner's motions seek, in part, release from custody, which cannot be the subject of a TRO because release is the ultimate relief Petitioner seeks in this lawsuit. Petitioner's remaining requests for relief concern the location and conditions of confinement, but "habeas is not available

---

[1] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[2] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[3] *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996).
[4] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. 2022).

to review questions unrelated to the cause of detention."[5] Finally, "removal alone cannot constitute the requisite irreparable injury,"[6] and the petition's legal arguments are insufficient to demonstrate a substantial likelihood of success on the merits. Therefore, the Court **DENIES** Petitioner's motions for a temporary restraining order [ECF No. 4] and immediate release [ECF No. 3].

      **SO ORDERED**.

      **SIGNED** and **ENTERED** on February 6, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[5] *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976); *see also Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) ("[T]he sole function of habeas corpus is to provide relief from [u]nlawful imprisonment or custody, and it cannot be used for any other purpose.").
[6] *Nken v. Holder*, 556 U.S. 418, 435 (5th Cir. 2009).